IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 13-cr-00168 RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN W. STITT,

    Defendant.

---

### INDICTMENT

Theft of Government Funds
18 U.S.C. § 641
Failure to Report an Affecting Event
18 U.S.C. 408(a)(4)(2)

---

The Grand Jury charges:

### COUNTS ONE THROUGH THIRTY-NINE

1.    On or about the dates set forth in the table below, in the State and District of Colorado,

**JOHN W. STITT**

defendant herein ("defendant STITT"), did steal, purloin, and knowingly convert to his use or the use of another money of the United States of America and the Social Security Administration, an agency of the United States of America. Specifically, defendant STITT stole, purloined, and knowingly converted to his use Social Security old-age benefits intended for H.S., deceased, which were

electronically deposited into H.S.'s bank account after her death, and which benefits defendant STITT converted to his own use by writing checks associated with H.S.'s bank account to himself on the dates and in the amounts listed below:

| Count | Date of Check | Amount of Personal Checks Associated with H.S.'s JP Morgan Chase Bank Account Ending in 2114 Written by Defendant STITT to Himself |
|---|---|---|
| 1 | 05/05/2008 | $850.00 |
| 2 | 06/05/2008 | $900.00 |
| 3 | 07/03/2008 | $900.00 |
| 4 | 08/04/2008 | $880.00 |
| 5 | 09/09/2008 | $880.00 |
| 6 | 10/06/2008 | $875.00 |
| 7 | 11/05/2008 | $800.00 |
| 8 | 12/04/2008 | $250.00 |
| 9 | 12/12/2008 | $720.00 |
| 10 | 01/06/2009 | $850.00 |
| 11 | 02/04/2009 | $900.00 |
| 12 | 03/04/2009 | $900.00 |
| 13 | 04/04/2009 | $900.00 |
| 14 | 05/04/2009 | $1,000.00 |
| 15 | 06/18/2009 | $1,075.00 |
| 16 | 07/06/2009 | $1,100.00 |
| 17 | 08/04/2009 | $975.00 |

| 18 | 09/03/2009 | $920.00 |
|---|---|---|
| 19 | 10/05/2009 | $950.00 |
| 20 | 11/03/2009 | $925.00 |
| 21 | 12/03/2009 | $900.00 |
| 22 | 01/04/2010 | $925.00 |
| 23 | 02/05/2010 | $985.00 |
| 24 | 03/04/2010 | $950.00 |
| 25 | 04/05/2010 | $945.00 |
| 26 | 05/06/2010 | $920.00 |
| 27 | 06/03/2010 | $900.00 |
| 28 | 07/02/2010 | $950.00 |
| 29 | 08/04/2010 | $925.00 |
| 30 | 09/04/2010 | $920.00 |
| 31 | 10/04/2010 | $950.00 |
| 32 | 12/06/2010 | $1,800.00 |
| 33 | 01/01/2011 | $900.00 |
| 34 | 02/01/2011 | $1,100.00 |
| 35 | 03/23/2011 | $950.00 |
| 36 | 04/27/2011 | $900.00 |
| 37 | 05/05/2011 | $950.00 |
| 38 | 06/30/2011 | $950.00 |
| 39 | 08/22/2011 | $1,800.00 |

All in violation of 18 U.S.C. § 641.

## COUNT FORTY

2. Beginning in or around October 1986, and continuing through in or around November 2011, in the State and District of Colorado,

**JOHN W. STITT**

defendant herein, having knowledge of the occurrence of an event affecting the continued right to Social Security old-age benefits of another individual, in whose behalf defendant STITT was receiving such payments, concealed and failed to disclose such event with the intent to fraudulently secure payment when no payment was authorized.  Specifically, defendant STITT intentionally concealed and failed to disclose the death of his aunt, H.S., in order to continue to receive and spend Social Security old-age benefit payments made into his aunt's bank account, to which he was an authorized signer on the account.  By such action, defendant STITT stole approximately $236,187.70 in Social Security old-age benefit payments to which he knew that he was not entitled.

All in violation of 42 U.S.C. § 408(a)(4)(2).

## NOTICE OF SENTENCING ENHANCEMENT

3. Upon conviction of two or more of the violations alleged in Counts 1 through 39 of the Indictment involving 18 U.S.C. § 641, Theft of Government Funds, where the value of the property in the aggregate, combining amounts from all the counts for which defendant STITT is convicted, exceeds the sum of

$1,000, each count for which defendant STITT is convicted shall be a felony.

## NOTICE OF FORFEITURE

4.  As a result of violations of 18 U.S.C. § 641 set forth in this indictment, defendant

## JOHN W. STITT

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds of his entire scheme to defraud the United States of America, including a money judgment, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461.

5.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been comingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

A TRUE BILL.


<u>Ink signature on file in the Clerk's Office</u>
FOREPERSON OF THE GRAND JURY


JOHN F. WALSH
United States Attorney


By:   <u>s/ Chad M. Troop</u>
CHAD M. TROOP
Special Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0327
Fax: (303) 454-0403
E-mail: chad.troop@usdoj.gov
Attorney for the Government