IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:13-cr-00168-RBJ

**UNITED STATES OF AMERICA**

       **Plaintiff(s),**

v.

**JOHN W. STITT**

       **Defendant.**

### MEMORANDUM IN AID OF JOHN W. STITTS SENTENCING AND MOTION FOR DOWNWARD VARIANCE

Defendant John W. Stitt, in connection with his upcoming sentencing, respectfully submits this sentencing memorandum and motion to vary.  *United States v. Rangel,* 697 F.3d 795, 801 (9th Cir. 2012) ("A 'variance' . . . occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. § 3553(a)"). Other than the discussion below relating to the recommended sentence, Mr. Stitt has no objections to the Presentence Investigation Report ("PSIR").  Mr. Stitt's letter is attached as Exhibit A.

<u>Statement of Facts in Support of Noncustodial Sentence</u>

Mr. Stitt is the head of his household and provides the only means of household care and support for his disabled wife of 34 years and his father-in-law, who is 93 years old.  Mr. Stitt carries substantial guilt and shame for his offense and has expressed extreme remorse for his behavior and its effects on his family, which only became aware of the offense upon Mr. Stitt's arrest. HMrs. Stitt's wife, Sandy, has expressed a great deal of resentment and anger at Mr. Stitt, but states in no uncertain terms that because of  her

own disability and the needs associated with the care of her 93 year-old father, who lives with the couple, they cannot survive even a few days without the physical support of Mr. Stitt.  Although Ms. Stitt has two adult sons from a prior marriage, those sons work in hail-damage and dent repair, which business requires that they migrate across the United States as business dictates.  Therefore, Mr. Stitt's incarceration necessarily results in the abandonment of two substantially disabled people with no support and very few resources.

Mr. Stitt is the hearing impaired recipient of a recent cochlear implant.  He has no recent or major criminal history, and took to active steps to achieve this offense.  Rather, he simply drew on the assets depositied by the Social Security Administration into a bank accout to which he was the co-account holder with his aunt.  The Social Security Administration continued to deposit funds into the account of Mr. Stitt's aunt  approximately 24 years after her death at age 83.  Mr. Stitt took no affirmative action at any time to induce the government to dispense funds.

Mr. Stitt did not use the funds to finance a luxurious lifestyle.  He paid his Aunt's final expenses, cared for various ailing family members, and drew on the money in times of unemployment, which arose through no fault of his own.  Mr. Stitt is extremely unlikely to reoffend during the remainder of his life and does not require incarceration to appreciate his offense.  Moreover, the government via the Social Security Administration, while a victim of theft, would likely have prevented the magnitude of financial loss by the exercise of due dilligence.  Regardless, the expenditure of an additional $25,000 to incarcerate Mr. Stitt as opposed to supervising him on probation seems an unnecessary addition to the overall loss to the government based on this offense.

Sentencing to Probation is Reasonable and Legally Permissible

A reasonable sentence in a criminal case is determined first by calculating the sentence range as enumerated in the United States Sentencing Guidelines; and second, by referencing the relevant sentencing factors as set forth in 18 U.S.C. 3553(a).

*United States v. Kristl*, 437 F.3d 1050 (10th Cir. 2006).  A sentencing judge must, moreover, always conduct this two-step analysis with the guiding objective of ensuring that it imposes a reasonable sentence.  Id.; see also United States v. Booker, 543 U.S. 220 (2005).

A reasonable sentence, in turn, takes into consideration all the relevant facts and circumstances of the (1) individual defendant and (2) specific criminal act.  See generally *United States v. Laufle*, 433 F.3d 981, 984-85 (7th Cir. 2006) ("A sentencing judge] cannot treat all sentences that would fall within the guidelines sentencing range as reasonable per se.").  Under Booker, then, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).  Consequently, the Court's freedom to impose a reasonable sentence outside the guideline range remains unfettered.

Because the guidelines are now advisory, the sentencing table and the restrictions on probationary sentences, sentences of home confinement, and split sentences in U.S.S.G. § 5A, 5B1, and 5C1 are also advisory.  Thus, to receive a sentence of probation, the defendant does not have to come within Zones A or B, and to receive a split sentence, the defendant does not have to come within Zone C.  To the extent this Court is not inclined to sentence Mr. Stitt to a sentence of straight probation, it could certainly order community service and/or home detention as alternatives to imprisonment.

Given (1) Mr. Stitt's deep remorse and shame triggered by the harm he knows his conduct has inflicted upon his family, friends, and community; (2) the severe consequences Mr. Stitt faces as a convicted felon; (3) the compounded difficulty for a hearing impaired man to obtain and retain employment; (4) the passive role he played in this offense; and (5) the fact that he did not exploit the funds obtained to enhance his own comforts, but instead used the funds to support and maintain ill or needy family members and to maintain his family's modest lifestyle when he lost employment through no fault of his own, a probationary

sentence is appropriate and sufficient to appreciate the nature of his offense.  18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Application of the Section 3553(a) Sentencing Factors Fully Justifies a Sentence of Probation As the Supreme Court held in *Gall v. United States*, 552 U.S. 38 (2007), the sentencing court when determining an appropriate sentence must make an "individualized assessment." Mr. Stitt submits the information herein to allow the Court to conduct this personalized evaluation.  For the reasons discussed herein, a non-custodial sentence fully satisfies the statutory factors.

<u>Nature of Mr. Stitt's Offense</u>

Mr. Stitt recognizes that his is a serious offense, and he continues to fully accept responsibility for his unlawful conduct. That said, and as the details of the offense make clear, Mr. Stitt took no affirmative or illegal action to begin the Social Security Administration's payment of benefits, nor did he take any affirmative action to continue the payments.  To the contrary, Mr. Stitt understood that the funeral home who buried his aunt would customarily notify the government of the death of a beneficiary of social security benefits.  It can be noted that the agency itself could be considered negligent, at a minimum, for dispensing a benefit for more that 22 years after the death Mr. Stitt's aunt, who would have well exceeded one hundred years of age has she been living during the period of these payments.  While Mr. Stitt acknowledges his fault in accessing his Aunt's funds in times of economic necessity, there is no reason to believe Mr. Stitt would have taken any affirmative act to continue benefits had the government exercised any due dilligence in dispensing the benefit.

Conclusion

      Mr. Stitt has been anguished by his action that put his family's well being at risk.  As has been the norm in his family and in Mr. Stitt's upbringing, the Mr. Stitt did not share the burden of his pressure to meet his family's and extended family's financial needs, nor did he evern disclose the funds he deducted from his Aunt's account sporadically over the years.  As  the PSIR recognizes, Mr. Stitt, a man of humility and dignity, has and will pay the psychological and quality of living price for what he has done. Mr. Stitt's actions in this violation represents an anomaly to his character.

      Given the nature and cirumstances of Mr. Stitt and this offense, his remorse, his cooperation, the extenuating circumstances discussed herein, and his responsibility for the well being of his family, a sentence of straight probation, or one augmented as necessary by community service and/or home detention, would adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  Moreover, given Mr. Stitt's background and his daily regret over what he did, there is no basis for believing that a sentence of incarceration is required to serve either general or specific deterrence objectives.

      We submit that, in light of the applicable § 3553 factors, any sentence of incarceration is greater than necessary under the facts and circumstances of this case and will cause Mr. Stitt's immediate family to be at risk, and will make it even more difficult for him to support them and repay restitution to the government.  A probationary sentence with community service requirement will more than serve as adequate punishment.

      DATED this 28th day of January, 2014.

                                          Respectfully submitted,
                                          By: s/ Christi A. Sanders
                                          639 Partridge Circle
                                          Golden, CO 80403
                                          Telephone: 720-763--2868
                                          Email: ChristiASanders@gmail.com
                                          Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to U.S. District Attorney and the U.S. Probation officer.

Respectfully submitted,

By: ___s/ Christi A. Sanders

639 Partridge Circle

Golden, CO 80403

Telephone: 720-763-2868

Email: ChristiASanders@gmail.com

Attorney for Defendant